

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

Gregory Morvillo

gmorvillo@orrick.com
D +1 212 506 3552
F +1 212 506 5151

March 22, 2020

*Via* ECF

Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/20

**MEMO ENDORSED**

Re:   *United States v. Velazquez, et al.* (Antonio Burgos), 19 Cr. 116

Dear Judge Wood:

The undersigned represents Antonio Burgos in the above-captioned matter. I am writing with regard to Mr. Burgos' presentence interview ("PSI") currently set for March 24, 2020. Due to the outbreak and spread of COVID-19, I respectfully request that the Court order the Probation Office to conduct the pretrial conference via telephone. Alternatively, if the Court is not amenable to a telephonic interview, I respectfully request that the PSI be postponed until the current pandemic is under control.   *Granted*

To speak plainly, I see no reason that Probation must conduct Mr. Burgos' interview face-to-face at this time because it will potentially risk the health of all involved. As BOP has itself acknowledged, the risks of the rapid transmission of contagion in the tight quarters of prisons and jails present major challenges in keeping inmates and staff safe and healthy.[1] If Mr. Burgos is or already has been exposed at the MCC (but is not yet showing signs of it), he risks infecting my colleague Ms. Epperson, Ms. Jeffries the probation officer, and myself.[2] Likewise, if one of us is unknowingly infected, we risk infecting Mr. Burgos and by extension the population of the MCC. Mr. Burgos likely falls into the "at risk" person category due to his history of asthma and heroin addiction (which undoubtedly has led to a compromised immune system). We believe he may be at higher risk for more serious complications from COVID-19 than most inmates.[3] Finally, the Standing Order that Chief Judge McMahon issued on March 13,

---

[1] See Fed. Bureau of Prisons, Program Statement 6190.04: Infectious Disease Management (2014).
[2] On Saturday March 21, 2020, I received word that the first case of COVID-19 was discovered at the MDC, while Mr. Burgos is housed at the MCC, it cannot be long before there is a diagnosed case at MCC as well.
[3] Were it not for the fact that Mr. Burgos did not report to probation in December 2019 after his rehab center discharged him, I would seek his release on bail due to the potential danger from this deadly virus. Indeed, if the



The Honorable Kimba M. Wood
March 22, 2020

2020, states that "Judges are strongly encouraged to conduct court proceedings by telephone or video conferencing where practicable."[4] Clearly, the PSI falls into the category of "court proceedings" and the interview itself will not be compromised by conducting it via telephone.

As I understand it, the MCC is arranging telephone calls between clients and lawyers upon request. We should be able to arrange a conference call between Ms. Epperson, Mr. Burgos, Ms. Jefferies and me, even if the date must be adjourned for a brief period. I do understand that there is a crush of requests for telephonic meetings between counsel and clients at the MCC, and that the MCC has been triaging these calls so that the most pressing matters proceed first. Thus, a Court order for a telephone conference at a specific date and time would allow the MCC to arrange for the telephone call in a timely fashion. We would, of course, consent to any reasonable delay of the PSI interview to accommodate the collective schedules of the Court, the Probation Office, and the MCC, and would make ourselves available at the designated time.

For the aforementioned reasons, I respectfully suggest that this interview is one that can take place by teleconference without it hindering Probation's process whatsoever and request that the Court so order it. In the alternative, I respectfully request that the Court postpone the PSI until it is safe to conduct in a small-confined space at the MCC or the courthouse.

I am, of course, available at the Court's convenience should it require further information on this matter.

Respectfully submitted,

/s/

Gregory Morvillo

*[Handwritten]: The PSI shall be postponed until April 21, 2020. If the parties need an adjournment of sentencing after the PSI is conducted, the Court will consider the request at that time.*

cc: AUSA Michael Krouse
    AUSA Adam Hobson
    U.S. Probation Officer Jill Jefferies

---

Court is concerned about Mr. Burgos' health, and wishes to discuss the matter, I am available at Your Honor's convenience.

[4] See *In re Coronavirus/COVID-19 Pandemic*, 20 MISC 00154 (CM), March 13, 2020 at paragraph 10.

SO ORDERED: N.Y., N.Y. 3/23/20

*[Signature]* Kimba M. Wood

KIMBA M. WOOD
U.S.D.J.

2